UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSEANN HAMMER f/k/a Roseann Parenti,

    Plaintiff,

v.                                           Case No: 8:16-cv-3533-T-17AAS

MAXIM HEALTHCARE SERVICES, INC.,
a Foreign Profit Corporation,

    Defendant.

_____

## ORDER

This cause comes before the Court pursuant to the motion to dismiss or compel arbitration (Doc. No. 13) (the "**Motion to Compel Arbitration**") filed by the Defendant, Maxim Healthcare Services, Inc. (the "**Defendant**"), the motions to stay case management deadlines (Doc. Nos. 11 and 17) (the "**Motions to Stay**") also filed by the Defendant, and the responses in opposition thereto (Doc. Nos. 15 and 21) filed by the Plaintiff, Roseann Hammer (the "**Plaintiff**"). For the reasons set forth below, the Motion to Compel Arbitration is **GRANTED IN PART AND DENIED IN PART**, and the Motions to Stay are **DENIED AS MOOT**.

I.   Background

The Plaintiff commenced this case by filing a complaint alleging claims under the Fair Labor Standards Act (the "**FSLA**") and Florida Minimum Wage Act ("**FMWA**"), as well as for breach of contract, in Florida state court. (Doc. No. 2). The Defendant removed the case to this Court on December 30, 2016, and the Court entered its standard FLSA scheduling order on January 4, 2017. (Doc. Nos. 1 and 5).

Between January 25, 2017 and February 22, 2017, the Defendant filed the Motions to Stay. Through the Motions to Stay, the Defendant argues that the deadlines in the FLSA scheduling order should be stayed pending a determination of whether the case is subject to mandatory arbitration. (Doc. No. 11).

The Defendant then filed the Motion to Compel Arbitration. In support, the Defendant attaches an unsigned copy of a written arbitration agreement that it claims requires the Plaintiff to submit her claims to arbitration. The Plaintiff opposes the Motion to Compel Arbitration, arguing that she cannot be bound by the arbitration agreement because it is unsigned. The Defendant filed a reply on March 2, 2017, noting that the Plaintiff's continued employment with the Defendant constituted acceptance of the arbitration agreement. The motions are now ripe for determination.

II. **Discussion**

Section 2 of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (the "**FAA**"), states that written agreements to arbitrate "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. Under Section 3 of the FAA, if an action subject to arbitration is commenced in federal court, the Court "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Finally, under Section 4 of the FAA, "[a] party aggrieved by the . . . failure . . . to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

Importantly, an arbitration agreement need not be signed to trigger mandatory arbitration under the FAA. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1369 (11th Cir. 2005). To the contrary, the arbitration agreement itself need only be in writing

2

to satisfy the FAA's "written agreement" requirement. *Id.* Thus, where an arbitration agreement states that the employee accepts its terms as a condition of continued employment, and the employee continues to work at the company, the agreement is enforceable regardless of whether it is ever signed by the employee. *See Schoendorf v. Toyota of Orlando*, 2009 WL 1075991, at *9 (M.D. Fla. Apr. 21, 2009).

Here, the arbitration agreement between the Plaintiff and Defendant contains a clause stating that:

> IF EMPLOYEE CONTINUES TO WORK AT MAXIM WITHOUT SIGNING THIS AGREEMENT BY THE PRESCRIBED DEADLINE, THEN THE EMPLOYEE WILL BE DEEMED TO HAVE RATIFIED AND ACCEPTED THIS AGREEMENT THROUGH THE EMPLOYEE'S CONTINUED EMPLOYMENT.

(Doc. No. 13-2, at 8). The foregoing language, coupled with the Plaintiff's allegation that she worked for the Defendant from 2011 through March 4, 2016 (Doc. No. 2, at ¶ 8), is sufficient to bind the Plaintiff to the arbitration agreement. Since the Plaintiff does not dispute that her claims are arbitrable, and the Plaintiff is bound by the arbitration agreement, this case is subject to mandatory arbitration.

III. **Conclusion**

Accordingly, it is

**ORDERED** that the Motion to Compel Arbitration is **GRANTED IN PART AND DENIED IN PART**. The case is **STAYED** pending arbitration. The parties shall file a status report with the Court regarding the arbitration proceedings every six months, or upon completion of the arbitration, whichever occurs sooner.

It is further **ORDERED** that the Motions to Stay are **DENIED AS MOOT**.

**Order in Case No. 8:16-cv-3533-T-17AAS**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 15th day of March, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record